# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

WILLIAM J. DAUGHERTY                                      PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:17-CV-P41-TBR

K.S.P. MEDICAL DEPARTMENT *et al.*                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part, allowed to continue in part, and Plaintiff will be allowed to amend his complaint.

## I. SUMMARY OF COMPLAINTS

Plaintiff has filed a complaint (DN 1), two amended complaints (DNs 8 & 11), and two attached documents – a February 20, 2016, letter to the "manager" of Correct Care Solutions, LLC, and a grievance dated October 11, 2015 (DN 1-1). This summary is based upon a combined reading of these documents.

Plaintiff is incarcerated at Kentucky State Penitentiary (KSP). He names "K.S.P. Medical Department" and Dr. Shastine Tangilag, in her official capacity only, as Defendants in this action.

Plaintiff claims that he is seeking adequate medical care for his medical problems. Plaintiff states that his problems began in 2015 when he began feeling sore, light-headed, and having impaired eyesight. When he was "taken to medical," officials kept him for three days and ran tests, and eventually told him that he had arthritis over 60 percent of his body and diabetes.

According to Plaintiff, after he was released, he began having "bouts" of nausea, waking at night with cold sweats, and diarrhea. Plaintiff states that he put in a sick-call request to "medical," but that it took a few weeks to be seen. He alleges that, in the interim, his black-outs and eyesight began to worsen. He states that he was eventually seen by a nurse practitioner (Nurse Karen Ramey) and not a doctor, and that she told him to take ibuprofen and to get an eye exam. Plaintiff alleges that he did both, but that the pain in his "joints every morning," the blackouts, and impaired eyesight continue. Plaintiff states that he filed a grievance regarding these issues and was told that his problems were related to not wearing his eyeglasses. Plaintiff, however, contends that his eye doctor advised him that his medical issues were not related to his need for eyeglasses. Plaintiff reiterates that although the "medical department" claims that they are treating him appropriately by taking his blood and monitoring his condition, he is in constant pain, light-head quite often, and still suffering from blackouts. He writes: "The pain in my joints is almost too much to bear."

Plaintiff contends that he has never been seen by a doctor, but only a nurse practitioner. He also states that he completed a grievance related to his medical issues, but was told that that he would not continue to have symptoms if he would wear "bifocals eye glasses."

Plaintiff also writes that although there are 42 inmates at KSP who have diabetes, he is the only one whom "medical" only gives enough medicine to last a month so that he has to continually sign up for sick call to get more medication. He writes: "You have to understand that a Diabete is not pose to go Six (6) days without his/her medication, yet I do, every month, and I have no way to change it."

Plaintiff also contends that "[i]f you had a medical problem and you were not a Caucasian inmate, you will not be seen by Dr. Tangilag, African American and others are passed

down to a nurse practitioner by the name of Karen Ramey, no matter how many times you ask to see the doctor, if you are not Caucasians, you will not be seen . . . ."

Finally, Plaintiff writes:

> On 5/2/17, at 2:45 a.m. in the morning I woke up with so much pain I thought I was dieing, they had to call a nurse over right away cause my pain was that great. The nurse talk about something that happen to me back around 7/18/2015. I could not believe it, then she said, she seen case like this before, and it want anything but arthritis I was told to lay still and the pain would past in one or two hours, It never did, I was in pain all night long . . . .

(DN 11, Second Amended Complaint).

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

To the extent that Plaintiff asserts that the "K.S.P. Medical Department" violated his constitutional rights by failing to provide him adequate medical care, these claims are subject to dismissal because a jail or prison medical department is not a "person" within the meaning of

§ 1983. *See, e.g., Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350 (6th Cir. 2006) (holding that a state prison's medical department is not a "person" under § 1983); *Hay v. Cuyahoga Jail Med. Dept.*, No. 1:11 CV 2652, 2012 U.S. Dist. LEXIS 9976, at *5-6 (N.D. Ohio Jan. 27, 2012) (dismissing claim against county jail medical department for same reason). Thus, Plaintiff's claims against the "K.S.P. Medical Department" will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff sues Dr. Shastine Tangilag in her official capacity only. "[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff does not indicate what entity employs Dr. Tangilag. However, for purposes of initial review, the Court will construe the complaints in the light most favorable to Plaintiff, and assume that Dr. Tangilag is an employee of Correct Care Solutions (CCS).[1]

"The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation." *Detwiler v. S. Health Partners*, No. 3:16-cv-P343-DJH, 2016 U.S. Dist. LEXIS 100002, T *5 (W.D. Ky. Aug. 1, 2016) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.")). Thus, when a § 1983 claim is made against a private corporation like CCS, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or private corporation is

---

[1] In finding that Dr. Tangilag is an employee of CCS for purposes of initial review, the Court notes that in other § 1983 actions brought by KSP prisoners in this Court, Dr. Tangilag has been identified as an employee of CCS. *See, e.g., Phillips v. Tangilag*, 5:16-cv-00088-TBR (DN 23, Defendant Correct Care Solution's Answer to Plaintiff's Complaint).

responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A private corporation is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Here, the only custom or policy Plaintiff alleges is a custom of permitting only Caucasian inmates to see Dr. Tangilag while requiring inmates of all other races to see a nurse practitioner. Based upon these allegations, the Court will permit Plaintiff's official-capacity claim against Dr. Tangilag, which is actually against CCS, to proceed at this time for this alleged race-based custom.

Because none of Plaintiff's other allegations are based upon a custom or policy, any other claims he has attempted to make in this action must be dismissed for failure to state a claim upon which relief may be granted.

Nonetheless, because it appears based upon the other allegations in Plaintiff's complaint and amended complaints that he would like to bring a claim against Dr. Tangilag in her individual capacity for deliberate indifference to his serious medical needs, the Court will permit Plaintiff to amend his complaint to sue Dr. Tangilag in her individual capacity.[2] Moreover, if there are other individuals at KSP whom Plaintiff believes have violated his constitutional rights

---

[2] "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

6

in relation to his medical care, he should also name those individuals as Defendants, sue them in their individual capacities, and make specific allegations against each newly named Defendant.

## IV. CONCLUSION

For the foregoing reasons**, IT IS HEREBY ORDERED** that Plaintiff's claim against the "K.S.P. Medical Department" is **DISMISSED** to pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate "K.S.P. Medical Department" as a party to this action.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Dr. Tangilag in her official-capacity, except the one pertaining to a race-based custom, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Order, Plaintiff may file a third amended complaint. Should Plaintiff decide to file a third amended complaint, he should sue Dr. Tangilag in her individual capacity and make specific allegations against her. Plaintiff should also identify and sue any other officials whom he believes violated his right to receive adequate medical care in their individual capacities and describe how each individual allegedly violated his rights.**

The Court will conduct an initial review of Plaintiff's third amended complaint pursuant to § 1915A. Should Plaintiff fail to file a third amended complaint within the allotted amount of time, the Court will enter a Scheduling Order and Order Regarding Service to govern the one claim it has allowed to proceed.

**Plaintiff should also submit a completed summons form for each newly named Defendant within the same 30-day period.**[3]

---

[3] The Court offers the following guidance to Plaintiff in his completion of the summons forms:

The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the words "Third Amended" affixed thereto so that Plaintiff can include the information set forth above. The Clerk of Court also is **DIRECTED** to send Plaintiff four blank summons forms.

Date:

cc: Plaintiff, *pro se*
      Defendants
4413.011

---

(1) prepare a summons for <u>each</u> Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.