# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**WILLIAM J. DAUGHERTY**                                                                      **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 5:17-CV-P41-TBR**

**K.S.P. MEDICAL DEPARTMENT** *et al.*                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon three motions filed by *pro se* Plaintiff William J. Daugherty - two motions for a default judgment (DNs 28 & 32) and one "motion for guidance" (DN 34), which the court construes as a third motion for a default judgment. For the following reasons, these motions will be denied.

In Plaintiff's first motion for a default judgment (DN 28), Plaintiff argues that he is entitled to default judgment because Defendant Correct Care Solutions (CCS) did not timely file an answer or file a motion "asking for extension of time," because CCS would not provide Plaintiff with Defendant Dr. Tangilag's address so that she could be served, and because Dr. Tangilag had not yet filed an answer.[1] In their response, CCS argues that Plaintiff's motion should be denied as moot because the Court had granted CCS until October 21, 2017, to respond to Plaintiff's allegations and because Dr. Tangilag had not yet been served.

In Plaintiff's second motion for a default judgment (DN 32), he again states that Dr. Tangilag has not yet responded to his allegations against her and that CCS continues to refuse to provide him with Dr. Tangilag's address.

---

[1] In his motions, Plaintiff seems to indicate that he does not understand why CCS is a party to this action. In its initial reviews of Plaintiff's complaint and amended complaints, the Court allowed both an individual- and official-capacity claim to proceed against Dr. Tangilag. As the Court then explained, an official-capacity claim against an employee under § 1983 is actually against that employee's employer. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, in this case, the official-capacity claim that the Court has allowed to proceed against Dr. Tangilag is actually against her employer, CCS.

In Plaintiff's third motion for a default judgment (DN 34), Plaintiff states that "once a person serve, they have 21 days to respond, 60 days at the most."

A default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Despite Plaintiff's protestations, the record shows that CCS and Dr. Tangilag have timely defended themselves in this action. First, within 21 days of being served, CCS filed a motion for an extension of time to file an answer or otherwise file a responsive pleading (DN 27), which this Court granted (DN 30). Second, although CCS did not provide the Court with Dr. Tangilag's address, Dr. Tangilag agreed to waive service, through counsel (DN 35). Finally, both CCS and Dr. Tangilag timely filed a motion to dismiss in lieu of filing an answer to the complaint, which is allowed by Fed. R. Civ. P. 12(b)(6) (DN 33). Indeed, as set forth in Rule 55(a), an opposing party may "otherwise defend" the action, which both Defendants have done by filing a motion to dismiss under Rule 12(b)(6) on October 20, 2017.

Finally, in his third motion for a default judgment, Plaintiff raises concerns regarding the Court's handling of this action. The Court has a duty to treat all parties fairly and will do so in this case.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions for a default judgment (DNs 28, 32 & 34) are **DENIED**.

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
4413.011