UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

WILLIAM J. DAUGHERTY                                                           PLAINTIFF

v.                                                       CIVIL ACTION NO. 5:17-CV-P41-TBR

K.S.P. MEDICAL DEPARTMENT *et al.*                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon four motions filed by *pro se* Plaintiff William J. Daugherty (DNs 42, 43, 44, & 48). Although each motion is styled differently, the Court construes all four as motions for a default judgment.

A default judgment may only be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The law does not favor defaults, and the Court should decide any question of whether to grant a default judgment in favor of the defaulting party. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). Indeed, a default judgment is a "drastic" measure, "which should be resorted to only in the most extreme cases." *Id.* at 849.

In his first motion, Plaintiff asserts that he is entitled to a default judgment because neither Defendant filed a timely answer in this action. However, the Court considered Plaintiff's arguments with regard to this issue when it addressed Plaintiff's first three motions for a default judgment (DNs 28, 32, & 34) and found that he was not entitled to such relief. Thus, for the reasons set forth in that Memorandum Opinion and Order (DN 38), the Court will also deny this motion for a default judgment.

In Plaintiff's second motion, he seems to argue that he is entitled to a default judgment because Defendants have not provided him with "proof" of the arguments they make in their pending motion to dismiss. This is not a ground for the entry of a default judgment. Thus, the

Court will deny this motion as well. However, the Court reminds **both parties** **that they had a duty to comply with the Court's Scheduling Order which required the production of all records or documentation relevant to Plaintiff's claims to the other party and certification with the Court that such production was complete by January 15, 2018.** Because neither party has complied with this deadline, the Court will order that certification with the Court be entered 21 days from the date of entry of this Order.

In Plaintiff's third and fourth motions, he argues that he is entitled to a default judgment because Defendants did not timely comply with a Court order which required them to file a reply to Plaintiffs' response and supplemental response to Defendants' motion to dismiss within 21 days of entry of the order. While the record shows that Defendants' reply was filed several days late, this is not a ground for the entry of a default judgment and, therefore, these motions will be denied. Nonetheless, **the Court advises Defendants that, in the event they are unable to comply with a Court-ordered deadline, they must seek permission from the Court for an extension of time to comply with said order**.

Finally, the Court observes that in Plaintiff's fourth motion, he also seems to argue that Defendants gave him an unfair deadline to meet when they filed a Notice of Intent to Obtain Medical Records Via Subpoena Duces Tecum on January 3, 2018, and advised him that he had until January 11, 2018, to file an objection with the Court or seek a protective order regarding his medical records. And, indeed, the Court would be inclined to agree with this argument, except for the fact that Plaintiff filed this motion on January 11, 2018, thus indicating that he did indeed have time to file an objection with the Court regarding the subpoena if he desired to do so.

Thus, for these reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's four motions for entry of a default judgment (DNs 42, 43, 44, & 48) are **DENIED**. **IT IS FURTHER ORDERED** that both parties shall file certification with the Court that production to the other party is complete no later than **21 days** from the date of entry of this Order.

Date:


cc: Plaintiff, *pro se*
 Counsel of Record
4413.011