UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-041-TBR

WILLIAM J. DAUGHERTY,                                                    PLAINTIFF

v.

KSP MEDICAL DEPARTMENT, *et al.*,                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on pro se Plaintiff William Daugherty's "Motion to the Court." [R. 87.] Remaining defendants Dr. Shastine Tangilag and Correct Care Solutions did not respond and the deadline to do so has passed. Therefore, this matter is ripe for adjudication. For the reasons stated herein, Daugherty's Motion to the Court, [R. 87], is **DENIED**.

In Daugherty's motion, he protests that the general handling of his case was unfair. Although he does not ask for any sort of remedy, he asserts that he was not given a fair amount of time to respond to the defendants' motions and that his case should not have been dismissed due to his failure to exhaust the grievance procedure. [R. 87 at 1-2.] As the Court has already dismissed this action in a previous order and judgment, [R. 86], the Court interprets Daugherty's motion as a Rule 59 Motion to Alter and Amend Judgment.

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen,* 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.,* 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already

1

considered and rejected by the court." *Id.* (citation omitted). As another district court in this circuit put it: "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch,* 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson,* 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.,* 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.,* 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Although Daugherty does not specify any of the four grounds listed above, the Court finds the most applicable to be "a need to prevent manifest injustice," as Daugherty generally asserts that the action was handled unfairly. First, Daugherty argues that he was not given a fair amount of time to respond to the defendants' motions. [R. 87 at 1.] Specifically, he states: "Correct Care Solution[s] delay[ed] the court for six months, and still the court allow[ed] them time to respon[d], but they don't give me any time to respon[d] to do anything before they dismiss the rest of my claim . . . ." [*Id.*] Although Daugherty claims he was not given a sufficient amount of time to respond, he does not cite a specific instance in which this occurred.

2

Furthermore, Daugherty filed timely responses to both the motion to dismiss, [R. 40], and motion for summary judgment, [R. 64]. Daugherty also filed four sur-replies regarding the defendants' motion for summary judgment. [R. 67, 72, 73, & 76.][1] Therefore, the Court finds that Daugherty was given a fair amount of time to respond to the motions filed by the opposing parties.

Second, Daugherty asserts that his case should not have been dismissed due to his failure to exhaust the grievance procedure. [R. 87 at 1.] He argues, "my whole claim was [supposed] to be about a doctor not doing her job, not about a grievance that was not file[d] . . . ." [*Id.*] As the Court explained in its Memorandum Opinion, the Prison Litigation Reform Act (PLRA) bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). As the defendants provided evidence that Daugherty failed to ever file a single grievance against Dr. Tangilag or Correct Care Solutions, and Daugherty provided no evidence showing otherwise, the PLRA clearly bars Daugherty's action for failure to exhaust administrative remedies. [*See* R. 85 at 4-5.] Furthermore, the Court found that even if Daugherty exhausted the available administrative remedies, Daugherty's Fourteenth Amendment claim would still fail on the merits. [*See id*. at 6.] Thus, the Court stands by its previous findings on this issue.

---

[1] True, the Court subsequently warned Daugherty that any further sur-replies would be stricken; however, the four previous sur-replies were allowed to remain on the docket. [R. 79.]

In conclusion, the Court finds that its previous judgment need not be altered in order to prevent manifest injustice. **IT IS HEREBY ORDERED**: Daugherty's Motion to the Court, [R. 87], is **DENIED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 2, 2019

cc: Counsel of Record

William J. Daugherty, pro se
173232
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038