UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-41-TBR

WILLIAM J. DAUGHERTY,                                                    PLAINTIFF

v.

KSP MEDICAL DEPARTMENT, *et al.*,                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on pro se Plaintiff William Daugherty's "Motion to the Court." [DN 89]. Defendants Dr. Shastine Tangilag and Correct Care Solutions did not respond and the deadline to do so has passed. Therefore, this matter is ripe for adjudication. For the reasons stated herein, Daugherty's Motion to the Court, [DN 89], is DENIED.

In December 2018, Daugherty filed a Motion to the Court arguing that the handling of his case was unfair, and his claim should not have been dismissed due to his failure to exhaust administrative remedies. [DN 87]. The Court analyzed the motion as a Rule 59 Motion to Alter or Amend Judgment and found that the previous judgment did not need to be altered in order to prevent manifest injustice. [DN 88]. Daugherty filed the current motion in response to the Court's Memorandum Opinion and Order. [DN 89]. He claims that the ruling is an injustice and takes specific offense to the fact that Defendants were not penalized for failing to respond to Daugherty's first Motion to the Court. *Id.* at 547. As the Court has already dismissed this action in a previous order and judgment, [DN 86], the Court interprets Daugherty's motion as a Rule 59 Motion to Alter or Amend Judgment.

1

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this circuit put it: "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Although Daugherty does not specify any of the four grounds listed above, the Court finds the most applicable are "a clear error of law" and "a need to prevent manifest injustice."

Daugherty's claims of legal error and manifest injustice center around the Court's introductory statement in its prior Memorandum Opinion and Order:

> This matter is before the Court on pro se Plainitff William Daugherty's Motion to the Court. <u>Remaining defendants Dr. Shastine Tangilag and Correct Care Solutions did not respond and the deadline to do so has passed.</u> Therefore, this matter is ripe for adjudication.

[DN 88 at 543]. Daugherty argues that if a party to a lawsuit fails to respond to a court order, a default judgement should be entered against that person for the relief demanded in the complaint. [DN 89 at 547]. Because Defendants Dr. Tangilag and Correct Care Solutions did not respond to his Motion to the Court, Daugherty believes that the Court should have entered a default judgment against them. *Id.* at 548. Daugherty claims that the Court's willingness to overlook the Defendants' failure to respond is particularly unjust given the fact that his claim was dismissed for failure to exhaust administrative remedies. *Id.* Specifically, Daugherty states: "The Court over look[s] one thing for another, it said one thing and means something else, the Court has made it[s] point, I cannot win against this Doctor [no] matter what I do or what they don't do." *Id.*

The Court finds that its previous judgment need not be altered due to a clear error in law or manifest injustice. Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A default judgment may then be entered either by the Clerk or by the Court depending on whether the plaintiff's claim is for a sum certain. Fed. R. Civ. P. 55(b)(1)-(2). Generally, default judgments are entered against parties who fail to respond to a complaint or otherwise defend a case. *See Phillip Morris USA Inc. v. A & V Minimarket, Inc.*, 592 F.Supp.2d 669 (S.D.N.Y. 2009); *Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC*, 498 F.Supp.2d 237 (D.C.C. 2007).

Here, Defendants answered Daugherty's Complaint, [DN 78], and successfully defended the case, [DN 86]. Therefore, Rule 55 is inapplicable and Daugherty is not entitled to a default judgment for Defendants' failure to respond to his Motion to the Court. Further, it was not unjust for the Court to rule on his Motion to the Court despite the Defendants failure to respond. Accordingly, there was no clear error of law or manifest injustice that requires the Court to amend its prior judgment.

For the reasons stated herein, **IT IS HEREBY ORDERED**: Daugherty's Motion to the Court, [DN 89], is **DENIED**.

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 15, 2019

CC: Counsel of Record

William J. Daugherty, pro se
173232
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038